NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4214
_____

OR, a Student

v.

GERRI HUTNER; RICK CAVE; ROBBY VARGHESE; LISA CATALANO; KATHY
MITCHEL; THOMAS A. SMITH; VICTORIA KNIEWEL; DONNA GIBBS-NINI;
VICTORIA KNIEWEL, School Superintendent; ARTHUR DOWNS, Principal;
CHARLES RUDNICK, Principal; DENNIS LEPOLD, Principal; MICHAEL
ZAPICCHI, Principal; WEST WINDSOR PLAINSBORO SCHOOL DISTRICT

OR and *ROTIMI A. OWOH, Esq.,
Appellants

*(Pursuant to Rule 12(a) of the Fed. R. App. P.)
_____

No. 12-1462
_____

OR, a Student

v.

GERRI HUTNER; RICK CAVE; ROBBY VARGHESE; LISA CATALANO; KATHY
MITCHEL; THOMAS A. SMITH; VICTORIA KNIEWEL; DONNA GIBBS-NINI;
VICTORIA KNIEWEL, School Superintendent; ARTHUR DOWNS, Principal;
CHARLES RUDNICK, Principal; DENNIS LEPOLD, Principal; MICHAEL
ZAPICCHI, Principal; WEST WINDSOR PLAINSBORO SCHOOL DISTRICT

OR and *ROTIMI A. OWOH, Esq.,
Appellants

*(Pursuant to Rule 12(a) of the Fed. R. App. P.)
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT
OF NEW JERSEY
(D.C. Civ. Action No. 3:10-CV-01711)
District Judge: Honorable Anne E. Thompson
_____

Submitted Under Third Circuit LAR 34.1(a)
December 10, 2012
_____

Before: GREENAWAY, JR., NYGAARD, VAN ANTWERPEN, *Circuit Judges*.

(Opinion Filed: February 8, 2013 )


_____

OPINION
_____

GREENAWAY, JR., *Circuit Judge*.

Appellant O.R. ("O.R.") and his attorney, Rotimi A. Owoh ("Mr. Owoh"),

(collectively "Appellants"), appeal the October 13, 2011 and January 27, 2012 Orders of

the District Court, denying various post-judgment motions and imposing a monetary

sanction against Mr. Owoh under Federal Rule of Civil Procedure 11.[1]  For the following

[1] Appellants also purport to appeal the December 8, 2011 Order of the District
Court denying their motion for reconsideration filed under Fed. R. Civ. P. 59(e) and their
request to stay the judgment.  However, Appellants never properly filed a notice of
appeal related to the December 8, 2011 Order.  On November 14, 2011, Appellants filed
a timely notice of appeal of the October 13, 2011 Order denying their motion to set aside
the judgment.  Because a motion for reconsideration of the October 13, 2011 Order was
pending in the District Court, we entered an order pursuant to Fed. R. App. P. 4(a)(4)
staying the appeal pending the District Court's consideration of the motion.  The District
Court entered an Order on December 8, 2011, denying the motion for reconsideration,
and we lifted the stay of the appeal.  Appellants filed another notice of appeal on

2

reasons, we will affirm the District Court's October 13, 2011 Order, and will affirm in part and vacate in part the Court's January 27, 2012 Order.

## I.    BACKGROUND

Because we write primarily for the benefit of the parties, we recount only the essential facts.

In 2004, O.R., then a minor, was found in possession of a knife at school and was disciplined. He subsequently initiated several state court actions against Appellees, challenging his suspension and seeking the production of school records. In March 2010, O.R. filed a complaint in federal district court, alleging that Appellees' conduct violated

---

February 14, 2012, seeking review of the October 13, 2011, December 8, 2011, and January 27, 2012 Orders. However, this notice of appeal is untimely as related to the December 8, 2011 Order because it was not filed within the time period set out in Fed. R. App. P. 4(a)(4)(B)(ii). Under this rule, Appellants were required to file a notice of appeal or amended notice of appeal within 30 days of the District Court's December 8, 2011 Order denying their motion for reconsideration. Fed. R. App. P. 4(a)(1)(A), 4(a)(4)(B)(ii). Appellants did not file a notice of appeal of the December 8, 2011 Order within this timeframe. Appellants argue that because they included the December 8, 2011 Order in their "concise summary of the case" filed with us on December 26, 2011, we should treat the appeal as timely filed. We cannot.

Federal Rules of Appellate Procedure 3(a)(1) and 4(a)(1) require that the notice of appeal be filed with the district court clerk, and 3(e) requires that the appellant pay the district clerk the filing fee. The "concise summary of the case" was never filed with the district court clerk and no filing fee was paid. Although Fed. R. App. P. 4(d) provides that a notice of appeal improperly filed with the court of appeals should be transferred to the district court and be treated as filed on the day received in the court of appeals, we note that the "concise summary of the case" is not a notice of appeal, and was not treated as such. We therefore have no jurisdiction over the appeal of the December 8, 2011 Order. *See Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 317 (1988) (noting that a court "may not waive the jurisdictional requirements of [Fed. R. App. P.] 3 and 4 . . . if it finds that they have not been met"); *see also Becker v. Montgomery*, 532 U.S. 757, 765-

his constitutional right of access to the courts. The District Court dismissed O.R.'s

complaint and denied several motions to amend and motions seeking reconsideration.

The District Court also, upon Appellees' motion, sanctioned Mr. Owoh under Federal

Rule of Civil Procedure 11, ordering him to pay Appellees' counsel attorney's fees in the

amount of $4,500. We summarily affirmed the District Court's judgment on July 27,

2011, and additionally ordered that the costs of the appeal be taxed against Appellant.

Despite our affirming the imposition of the sanction, on August 18, 2011, Mr.

Owoh filed a Rule 60 motion to set aside the judgment, arguing that the amount of the

sanction was obtained through inaccurate information or fraud. Specifically, Mr. Owoh

contested the accuracy of the billing invoices which Appellees' counsel filed in support

of Appellees' sanctions motion. Mr. Owoh's motion also sought additional discovery

related to the payment of Appellees' counsel's legal bills.

The District Court denied this motion in an Order dated October 13, 2011. Mr.

Owoh then filed a motion for reconsideration and for a stay of the judgment, which the

District Court denied on December 8, 2011. On December 20, 2011, Mr. Owoh filed yet

another motion for a stay of the judgment and for the court to conduct a factual finding as

to the amount of attorney's fees actually paid by Appellees' insurance carrier. Mr. Owoh

argued that Open Public Records Act ("OPRA") proceedings pending in state court

---

66 (2001) (affirming that the content and timing requirements of the notice of appeal are
jurisdictional in nature).

4

would allow him to show that the amounts that Appellees' insurance carrier claimed to have paid Appellees' attorneys were inaccurate.

In an Order dated January 27, 2012, the District Court denied Mr. Owoh's motion, holding that the information sought by Mr. Owoh in the OPRA proceedings would have been immaterial to the Court's imposition of monetary sanctions against him. The District Court explained, as it had in several previous Orders, that it imposed the sanction against Mr. Owoh to deter further frivolous litigation conduct, not to reward or compensate Defendants' counsel. Noting Mr. Owoh's continued frivolous filings with the Court, the District Court imposed an additional sanction against Mr. Owoh. The District Court explained that "[e]ven in the face of the initial sanctions order, Mr. Owoh's actions have expanded these legal proceedings beyond their proper scope, wasting Defendants' time as well as valuable judicial resources that could have been devoted to legitimate cases pending with the Court," and determined that an additional sanction of $4,500, payable to the Court, would be appropriate to deter future misconduct. (App. 35.)

Appellants timely appeal the October 13, 2011 and January 27, 2012 Orders.

## II.    JURISDICTION

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343. We have jurisdiction under 28 U.S.C. § 1291.

5

## III.   ANALYSIS

As an initial matter, we note that Mr. Owoh raises several issues for the first time on appeal that were not presented to the District Court.  The majority of his opening brief is devoted to a discussion of "electronic metadata" and student disciplinary reports, to which he claims to have requested access in his motion for a stay and for additional factual finding, filed on December 20, 2011.  Mr. Owoh's motions to the District Court, however, focused almost exclusively on the veracity of the attorney's bills submitted by Appellees' counsel.  In his submissions to the District Court, Mr. Owoh made, at most, "fleeting reference[s]" to the disciplinary reports, and did not "unequivocally put [his] position before the trial court at a point and in a manner that permit[ted] the court to consider its merits." *In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241, 262 (3d Cir. 2009) (internal quotation marks omitted).[2]  Because this issue was not properly presented to the District Court, we will not consider Mr. Owoh's arguments relating to the student disciplinary reports on appeal.  *See id.* at 261 ("Absent exceptional circumstances, this Court will not consider issues raised for the first time on appeal." (internal quotation marks omitted)).

---

[2] In fact, Mr. Owoh's briefs on appeal read as if plucked from an entirely different litigation than the one from which he now appeals.  The majority of his arguments have no basis in the submissions he made to the District Court, or in the District Court's Orders.  While Mr. Owoh now purports to attack the final judgment on the basis that the motion to dismiss was improperly granted, he made no such argument before the District Court.  Until this appeal, his exclusive concern was relieving himself of the obligation to pay the sanction that the District Court imposed.

Because we will not consider Mr. Owoh's arguments relating to the student disciplinary reports, only two issues remain on appeal: (1) whether the District Court erred in denying the motions for additional discovery; and (2) whether it erred in imposing an additional sanction on Mr. Owoh.

We review a district court's denial of a discovery request for abuse of discretion. *See Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 778 (3d Cir. 2000). The District Court did not abuse its discretion in denying Mr. Owoh's motions for discovery and fact finding relating to Appellees' attorney's fees. Mr. Owoh premised his motions on an allegation that the sanction imposed on him was procured by fraud. He also claimed that neither Appellees nor their insurance carrier paid the invoices that were submitted by counsel in support of their sanctions motion. However, this information would have been immaterial to the District Court's imposition of the sanction against him. As the District Court has "continually noted," it "awarded sanctions not to reward any conduct on the part of the Defendants or Defense counsel, but rather to deter further frivolous litigation conduct by Plaintiff and Plaintiff's counsel." (App. 12, 33.) Mr. Owoh's discovery requests are utterly meritless and the District Court did not abuse its discretion in denying them.

We generally review a district court's decision to impose sanctions for abuse of discretion. *See Adams v. Ford Motor Co.*, 653 F.3d 299, 304 (3d Cir. 2011). However, "[w]hen the procedure the court uses to impose sanctions raises due process issues of fair notice and the right to be heard, the standard of review is plenary." *Id.* (citing *Martin v.*

7

*Brown*, 63 F.3d 1252, 1262 (3d Cir. 1995)).  Because the District Court did not comply with the notice requirements of Rule 11 in imposing the additional sanction on Mr. Owoh in its January 27, 2012 Order, we must vacate the additional monetary sanction.

Rule 11 specifies that the district court must provide "notice and a reasonable opportunity to respond" before imposing sanctions on an attorney.  Fed. R. Civ. P. 11(c)(1);[3] *see also Martin*, 63 F.3d at 1262 ("The Due Process Clause of the Fifth Amendment requires a federal court to provide notice and an opportunity to be heard before sanctions are imposed on a litigant or attorney.").  We have held that "the party sought to be sanctioned is entitled to particularized notice including, at a minimum, 1) the fact that Rule 11 sanctions are under consideration, 2) the reasons why sanctions are under consideration, and 3) the form of sanctions under consideration." *Simmerman v. Corino*, 27 F.3d 58, 64 (3d Cir. 1994).  The notice must apprise the party of the "particular factors that he must address if he is to avoid sanctions." *Anjelino v. N.Y. Times Co.*, 200 F.3d 73, 100 (3d Cir. 1999).

The District Court imposed the sanction on Mr. Owoh on its own initiative, not in response to any motion filed by Defendants.  Rule 11(c)(3) specifies that a district court may, "[o]n its own," order an attorney "to show cause why conduct *specifically described*

---

[3] "The Advisory Committee Note accompanying the 1993 amendment to Rule 11 states, '[e]xplicit provision is made for litigants to be provided notice of the alleged violation and an opportunity to respond before sanctions are imposed.'"  5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1337.3 (3d ed. 2012) (quoting Fed. R. Civ. P. 11, advisory committee note (1993 amendments)).  A failure to comport with these requirements is enough to merit reversal. *Id.*

*in the order* has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3) (emphasis added).

However, the District Court did not issue an order to show cause addressed to Mr. Owoh before imposing the additional sanction. The Court expressed frustration with Mr. Owoh in its December 8, 2011 Order denying his motion for reconsideration. (App. 22 ("The Court would be remiss in not noting the frivolous nature of the present filing. . . . At every stage of this review Mr. Owoh has ignored the legal standard for relief and has flaunted procedural rules.").) Although this Order may be viewed as providing Mr. Owoh with some notice of the sanctionable conduct, the Order did not state that Rule 11 sanctions were under consideration, nor did it state the type of sanctions being considered. Moreover, the Order was not formatted as an order to show cause, as is specifically required by Rule 11(c)(3). *Cf. In re Taylor*, 655 F.3d 274, 286 (3d Cir. 2011) (holding that order gave sufficient notice where it identified the sanctionable filings and "was clearly in substance an order to show cause, even if it was not specifically captioned as such").

As a result, Mr. Owoh did not have an opportunity to respond before the additional sanction was imposed. *See Simmerman*, 27 F.3d at 64 (noting that in some cases, "the opportunity for counsel to fully brief the issue will suffice," but explaining that "[a]t bottom, however, there must be . . . *some* opportunity to respond"); *Eash v. Riggins Trucking Inc.*, 757 F.2d 557, 571 (3d Cir. 1985) (en banc) (explaining that notice and opportunity to respond are "procedural safeguards" that "ensure that the attorney has an adequate opportunity to explain the conduct deemed deficient").

9

We recognize that dealing with a litigant who, even in the face of repeated rebukes, continues to make frivolous filings, can seem like a Sisyphean task. In this regard, the District Court exercised the patience of Job. However, while we appreciate the District Court's frustration over Mr. Owoh's frivolous filings and dilatory tactics, the procedural dictates at issue require us to vacate the January 27, 2012 sanction award and remand to the District Court.

## IV. CONCLUSION

For the foregoing reasons, we will affirm the District Court's October 13, 2011 Order and affirm in part and vacate in part the January 27, 2012 Order. The matter is remanded to the District Court for proceedings in accordance with this Opinion.