NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2102
_____

OR (a Student)

v.

GERRI HUTNER, RICK CAVE, ROBBY VARGHESE;
LISA CATALANO; KATHY MITCHEL; THOMAS A. SMITH;
VICTORIA KNIEWEL, School Superintendent; DONNA GIBBS-NINI;
ARTHUR DOWNS, Principal; CHARLES RUDNICK, Principal;
DENNIS LEPOLD, Principal;  MICHAEL ZAPICCHI, Principal;
WEST WINDSOR PLAINBORO SCHOOL DISTRICT

OR (a Student); *ROTIMI A. OWOH,
Appellants

*(Pursuant to Rule 12(a) Fed. R. App. P.)
_____

On Appeal from United States District Court
for the District of New Jersey
(D. N.J. No. 3-10-cv-01711)
District Judge: Honorable Anne E. Thompson
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 13, 2014


Before: FISHER, VAN ANTWERPEN, and TASHIMA[*], *Circuit Judges*
(Filed: August 13, 2014)

_____

       [*] The Honorable A. Wallace Tashima, Senior Circuit Judge for the United States
Court of Appeals for the Ninth Circuit, sitting by designation.

―――――

OPINION OF THE COURT

―――――

TASHIMA, *Circuit Judge*.

Appellant O.R. ("O.R.") and his attorney, Rotimi A. Owoh ("Mr. Owoh")

(together, "Appellants"), appeal the April 15, 2013, Order of the District Court holding

Mr. Owoh in civil contempt, the April 17, 2013, Order of the District Court denying

Appellants' motion for reconsideration, and the November 25, 2013, Opinion and Order

of the District Court denying Appellants' motions for reconsideration.[1]  For the following

reasons, we will affirm the District Court.

---

1 Appellants also purport to appeal the March 7, 2013, Opinion and Order of the District Court denying their motion to set aside the judgment under Fed. R. Civ. P. 60(b) and their motion for discovery.  Appellants, however, never properly filed a notice of appeal of the March 7, 2013, Opinion and Order.  Instead, Appellants' initial notice of appeal was filed on April 16, 2013, after the 30-day period for filing a notice of appeal of the March 7, 2013, Opinion and Order had run under Fed. R. App. P. 4(a)(4)(B)(ii).

Likewise, Appellants purport to appeal the September 12, 2013, Opinion and Order of the District Court issuing written findings regarding Appellants' motions to reconsider and set aside the judgment, as well as the September 19, 2013, Order of the District Court denying Appellants' motion for further written clarification.  However, Appellants never properly filed a notice of appeal from either order.  On April 16, 2013, Appellants filed a timely notice of appeal of the April 15, 2013, Order holding Mr. Owoh in civil contempt.  Because a motion for written findings regarding Appellants' motions to reconsider and set aside the judgment was then pending in the District Court, we granted Appellants' motion to hold the appeal in abeyance under Fed. R. App. P. 4(a)(4) pending the District Court's consideration of Appellants' motion for written findings. The District Court filed its ruling on Appellants' motion for written findings on September 12, 2013.  Appellants, however, did not file their amended notice of appeal until December 13, 2013, well after the time within which to file an amended notice of appeal had run under Fed. R. App. P. 4(a)(4)(B)(ii).  *See United States v. McGlory*, 202 F.3d 664, 668 (3d Cir. 2000).

## I. BACKGROUND

Because we write primarily for the benefit of the parties, we recount only the essential facts.

In 2004, O.R., then a minor, was found in possession of a knife at school and was disciplined. He subsequently initiated several state court actions against Appellees, challenging his suspension and seeking the production of school records. The state court actions were resolved in Appellees' favor. In March 2010, O.R. filed a complaint in federal district court, alleging that Appellees' conduct violated his constitutional right of access to the courts. The District Court dismissed O.R.'s complaint, denied Mr. Owoh's numerous motions to amend and motions for reconsideration, and sanctioned Mr. Owoh under Fed. R. Civ. P. 11, ordering him to pay Appellees' attorney's fees in the reduced amount of $4,500. The District Court explained that Mr. Owoh's claims were "so indistinguishable from those previously adjudicated on the merits" in the state court

---

We therefore have no jurisdiction over the March 7, 2013, Opinion and Order; the September 12, 2013, Opinion and Order; and the September 19, 2013, Order. *See Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 317 (1988) (noting that "a court . . . may not waive the jurisdictional requirements of [Fed. R. App. P.] 3 and 4 . . . if it finds that they have not been met"). We, therefore, will dismiss that portion of this appeal for want of jurisdiction.

litigation that they were "foreclosed by previous lawsuits," and in violation of Fed. R. Civ. P. "11(b)(2)'s prohibition against unwarranted or frivolous claims." *O.R. v. Hutner*, No. 10-cv-1711, 2010 WL 4615238, at *2 (D.N.J. Nov. 5, 2010). We summarily affirmed.

Nevertheless, Mr. Owoh again filed multiple motions seeking to set aside or stay the judgment, reconsideration, and further fact finding about the judgment in the District Court. The District Court denied these motions, and imposed an additional sanction of $4,500 against Mr. Owoh based on his continued frivolous filings. We affirmed the District Court's denial of Appellants' post-judgment motions. Because the District Court did not provide Appellants with the opportunity to respond before imposing additional sanctions, however, we vacated the District Court's additional sanction. We noted, nevertheless, that "the District Court exercised the patience of Job" in "dealing with a litigant who, even in the face of repeated rebukes, continue[d] to make frivolous filings." *O.R. v. Hutner*, 515 F. App'x 85, 89 (3d Cir. 2013).

Despite our having twice affirmed the District Court's judgment, Appellants again filed numerous post-judgment motions in the District Court. Appellants filed motions to set aside the judgment, motions for reconsideration, motions for a written opinion, and a

4

motion for discovery.  The District Court again denied these motions.  It also ordered Mr. Owoh to show cause why he should not be held in civil contempt for failure to pay the initial sanction, which we had previously affirmed.  Mr. Owoh admitted that he neither paid the initial sanction nor intended to pay it.  On April 15, 2013, the District Court held Mr. Owoh in civil contempt for willfully failing to comply with the District Court's initial November 5, 2010, Order imposing sanctions.

Appellants now timely appeal the April 15, 2013, Order of the District Court holding Mr. Owoh in civil contempt; the April 17, 2013, Order of the District Court denying Appellants' motion for reconsideration; and the November 25, 2013, Opinion and Order of the District Court denying Appellants' motions for reconsideration.

## II. JURISDICTION

The District Court had jurisdiction under 28 U.S.C. § 1331.  We have jurisdiction over the appeal from the three orders described in the immediately preceding paragraph under 28 U.S.C. § 1291.

## III. ANALYSIS

We review a district court's imposition of civil contempt for abuse of discretion. *Harris v. City of Phila.*, 47 F.3d 1311, 1321 (3d Cir. 1995).  We will disturb a civil

contempt order only if it is based on an error of law or a clearly erroneous finding of fact. *Id.* "'To prove civil contempt the court must find that (1) a valid court order existed, (2) the defendant had knowledge of the order, and (3) the defendant disobeyed the order.'" *John T. ex rel. Paul T. v. Del. Cnty. Intermediate Unit*, 318 F.3d 545, 552 (3d Cir. 2003) (quoting *Harris*, 47 F.3d at 1326).

Each of the requirements for civil contempt is established in this case. On November 5, 2010, the District Court entered a valid Order sanctioning Mr. Owoh, which we affirmed on appeal. Mr. Owoh admits that he knew of the Order, and that he intentionally disobeyed it. His response to the District Court's Order to show cause asserts not only that he has "**NOT paid**" the sanction award, but also that he has "**no intention**" of paying the sanction award. A545, A550. The District Court, therefore, did not abuse its discretion in holding Mr. Owoh in civil contempt in its April 15, 2013 Order.[2]

We review a district court's denial of a motion for reconsideration for abuse of discretion. *United States v. Dupree*, 617 F.3d 724, 732 (3d Cir. 2010). "The scope of a

---

2 Mr. Owoh's opposition to the District Court's imposition of civil contempt does not address the merits of the contempt order, but instead, repeats Mr. Owoh's disagreement with the rejection of his underlying allegations, which the District Court has repeatedly addressed, and which we have affirmed. These arguments are inappropriate.

6

motion for reconsideration . . . is extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415-16 (3d Cir. 2011). "Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* "A proper [Fed. R. Civ. P.] 59(e) motion [for reconsideration] therefore must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam).

The District Court did not abuse its discretion in denying Appellants' motion for reconsideration in its April 17, 2013, Order because Appellants did not establish any of the three grounds required for reconsideration. First, Appellants did not argue, let alone establish, an intervening change in the controlling law. *See id.* Second, Appellants did not show that the evidence that they submitted in support of their motion for reconsideration was new evidence that was not available when the District Court ruled on the underlying motions to set aside the judgment and take discovery. *See Blystone*, 664 F.3d at 415. Indeed, all but one of Appellants' dated exhibits in support of reconsideration predate Appellants' underlying motions to set aside the judgment and take

7

discovery. Appellants also attached to their motion for reconsideration much of the same evidence that they attached to the underlying motions to set aside the judgment and take discovery. Third, Appellants do not establish that the District Court clearly erred, or that reconsideration is necessary to prevent manifest injustice. *See Lazaridis*, 591 F.3d at 669. Fundamentally, Appellants' motion for reconsideration of the District Court's April 17, 2013, Order is an attempt, again, to relitigate the District Court's dismissal of the complaint and denial of Appellants' post-judgment motions. Fed. R. Civ. P. 59(e) cannot be employed to re-relitigate such already-denied motions. *Blystone*, 664 F.3d at 415.

Appellants also appeal the District Court's November 25, 2013, Opinion and Order denying Appellants' later motions for reconsideration. The District Court denied Appellants' motions based on its conclusion that Appellants sought relief not available in a motion for reconsideration, and to which Appellants were not entitled, including compelling answers to interrogatories and responses by the District Court to certain points in the factual record. The District Court did not abuse its discretion in denying Appellants' motion for reconsideration on these grounds. A motion for reconsideration "may be used only to correct manifest errors of law or fact or to present newly discovered

8

evidence." *Blystone*, 664 F.3d at 415.  Appellants did not establish one of these "extremely limited" grounds for relief.  *Id.*

## IV.    CONCLUSION

For the foregoing reasons, we will affirm the District Court's April 15, 2013, Order; April 17, 2013, Order; and November 25, 2013, Opinion and Order.  We will dismiss the appeal from the District Court's March l7, 2013, Opinion and Order; September 12, 2013, Opinion and Order; and September 19, 2013, Order.